UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

STEVEN KOTLER,

          Defendant.

**SEALED SUPERSEDING INDICTMENT**

S1 24 Cr.

S1 24 CRIM 431

**COUNT ONE**
(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

**OVERVIEW**

1. From at least in or about 2013 through at least in or about July 2024, STEVEN KOTLER, the defendant, and others known and unknown, agreed to and did in fact participate in a sophisticated international mass-marketing investment fraud scheme to defraud investors from around the world of millions of dollars by persuading the victim-investors to invest money under various false, fraudulent, and materially misleading pretenses, and to launder the fraud proceeds and distribute those proceeds among the conspirators (the "Investment Fraud Scheme"). In so doing, KOTLER, and others known and unknown, caused the execution of financial transactions in the Southern District of New York.

2. As part of the Investment Fraud Scheme, conspirators purported to be employees of investment firms and made extensive efforts to convince victim-investors of the firms' existence and legitimacy. Those steps included using aliases, creating fraudulent websites that appeared to be associated with the firms, creating fraudulent email addresses that appeared to be associated with employees of the firms, and using phone numbers that made it falsely appear that the

conspirators were operating from locations with prominent financial markets. The conspirators further persuaded victims to make additional investments under the false pretenses that the victims had to pay additional money in order to sell or access their investments. The conspirators employed those tactics and others along with hard-sell telemarketing calls and emails with victim-investors, orchestrated from so-called "boiler rooms" located in countries such as the Philippines. Through those calls and emails, the conspirators convinced victims to transfer funds to one or more bank accounts under the conspirators' control for what the victims believed to be investments in various companies—that is, the purchase of securities. In truth and in fact, however, the conspirators' purported financial investment firms were fake, the purported securities purchases were fraudulent, and the money sent by victims was not invested as the conspirators had represented.

3. To receive and launder the money they fraudulently obtained from victim-investors, the conspirators operated numerous shell companies and associated bank accounts in the United States. These accounts served multiple purposes in the scheme. First, the accounts were used to directly receive wire transfers from the victim-investors who believed they were paying for legitimate investments. Second, the use of shell companies distanced the conspirators from the fraud scheme. Third, the use of American businesses and bank accounts helped convince overseas victims that their purported investments in American securities were legitimate. And fourth, the accounts were used to wire the fraud proceeds back to the boiler rooms overseas, in transactions designed to conceal the illicit nature of the money being sent abroad. During the relevant period, the conspirators' shell company accounts in the United States received and laundered more than $38,000,000 that had been fraudulently obtained from victims of the Investment Fraud Scheme and after receiving payments from victims sent more than $25,000,000 to accounts the conspirators

controlled in Singapore and the Philippines.

## STATUTORY ALLEGATIONS

4. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

5. From at least in or about 2013 through at least in or about July 2024, in the Southern District of New York and elsewhere, STEVEN KOTLER, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

6. It was a part and an object of the conspiracy that STEVEN KOTLER, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, KOTLER, agreed with others to engage in the Investment Fraud Scheme, a scheme to defraud victims through the sale and attempted sale of false, fraudulent, and materially misleading investments, and transmitted and caused others to transmit by means of international and interstate wire, documents related to the Investment Fraud Scheme, in order to execute the Investment Fraud Scheme and obtain the proceeds therefrom, which proceeds were sent to the defendant by interstate and international wire and caused the execution of financial transactions in the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

7. The allegations contained in paragraphs 1 through 3 of this Indictment are repeated and realleged as if fully set forth herein.

8. From at least in or about 2013 through at least in or about July 2024, in the Southern District of New York and elsewhere, STEVEN KOTLER, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

9. It was a part and an object of the conspiracy that STEVEN KOTLER, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATIONS

10. As a result of committing the offense alleged in Count One of this Indictment, STEVEN KOTLER, the defendant, shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

11. As a result of committing the offense alleged in Count Two of this Indictment, STEVEN KOTLER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney